IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SEAN M. SHAW                                      :
25 Stone Hollow Drive                             :
Camden, NJ 08081                                  :
                                                  :
        *Plaintiff*                               :
                                                  :
    v.                                            :          NO.
                                                  :
VOORHEES TOWNSHIP                                 :
400 Voorhees Town Center                          :
Voorhees, NJ 08043                                :
        and                                       :
VOORHEES TOWNSHIP                                 :
POLICE DEPARTMENT                                 :
1180 White Horse Road                             :
Voorhees, NJ 08043                                :
        and                                       :
POLICE OFFICER                                    :
KEVIN BRANAGAN (#3490)                            :
c/o Voorhees Township                             :
400 Voorhees Town Center                          :
Voorhees, NJ 08043                                :
        and                                       :
POLICE OFFICER                                    :
MICHAEL J. HAGNER (#34100)                        :
c/o Voorhees Township                             :
400 Voorhees Town Center                          :
Voorhees, NJ 08043                                :
        and                                       :
JOHN DOE NOS. 1-10 (Fictitious Names)             :
                                                  :
        *Defendants*                              :

## **COMPLAINT**

Plaintiff, Sean M. Shaw files this Complaint against Defendants, Voorhees Township,

Voorhees Township Police Department, Police Officer Kevin Branagan (#3490), and Police

Officer Michael J. Hagner (#34100), and in support thereof avers as follows:

1

**Jurisdiction**

1.   This action is brought pursuant to 42 U.S.C. § 1983.   This court has original jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(1)-(4), and supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

**Parties**

2.   Plaintiff (hereinafter referred to as "Mr. Shaw") is a resident of the State of New Jersey and at all times relevant to this action has resided within this district at the address above-captioned.

3.   Defendant, Voorhees Township, at all times relevant hereto, has been a domestic municipal corporation, duly organized and existing under and by virtue of the laws of the State of New Jersey with its principal place of business at the address above-captioned.

4.   Defendant, Voorhees Township Police Department, at all times relevant hereto, has been a public entity, duly organized and existing under and by virtue of the laws of the State of New Jersey, which is responsible for providing police protection within the Township of Voorhees and performs all of the activities and services associated with police departments with its principal place of business at the address above-captioned.

5.   Defendant, Police Officer Kevin Branagan (#3490) (hereinafter referred to as "Officer Branagan") at all times relevant hereto has been an officer, agent, worker, employee, and/or official of the Voorhees Township Police Department, employed by Defendant(s), Voorhees Township and/or Voorhees Township Police Department, and acting under color of state law. He is named as a defendant in his individual capacity.

2

6.   Defendant, Police Officer Michael J. Hagner (#34100) (hereinafter referred to as "Officer Hagner") at all times relevant hereto has been an officer, agent, worker, employee, and/or official of the Voorhees Township Police Department, employed by Defendant(s), Voorhees Township and/or Voorhees Township Police Department, and acting under color of state law.  He is named as a defendant in his individual capacity.

7.   Defendants, John Doe Nos. 1-10 are fictitious names used to designate as of yet unknown or unidentified parties to this action who are either police officers, supervisors, and/or employees of Defendant(s), Voorhees Township and/or Voorhees Township Police Department.

8.   At all times relevant hereto, Defendants were acting in concert and conspiracy and their actions deprived Plaintiff of his constitutional, statutory, and common law rights.

**Factual Background**

9.   On May 5, 2016 at approximately 2:00 p.m., Mr. Shaw was driving his 2007 Mazda 3 north on Route 73 near the Green Lea florist at 204 Route 73 in Voorhees Township, New Jersey, when he was pulled over and stopped by Defendant, Officer Hagner for an allegedly expired vehicle registration.

10.   After Mr. Shaw stopped his vehicle in the parking lot of the Green Lea florist, Defendant, Office Hagner approached the passenger side of Mr. Shaw's vehicle and knocked on the window.

11.   Mr. Shaw rolled down the passenger side window and Defendant, Officer Hagner asked Mr. Shaw for his driver's license, insurance and registration, stating the vehicle's registration had come back expired.

3

12.   As Defendant, Officer Hagner remained standing next to the passenger side of the vehicle, Mr. Shaw retrieved insurance and registration documents from his glove box and handed them to the officer.

13.   Defendant, Officer Hagner examined the insurance and registration documents, and then asked Mr. Shaw if he had his driver's license on him.   Mr. Shaw replied that he would not produce his driver's license without a writ, warrant or something similar obligating Mr. Shaw to produce the license.

14.   Defendant, Officer Hagner responded by stating Mr. Shaw was the subject of a traffic stop and was being detained, and asked again to see Mr. Shaw's driver's license.

15.   Mr. Shaw asked Defendant, Officer Hagner to show him a law or some type of verification requiring him to produce his driver's license.

16.   Defendant, Officer Hagner responded by stating the vehicle's registration was expired and that he did not have to show Mr. Shaw any law or verification requiring him to produce his driver's license because Mr. Shaw was the subject of a traffic stop.

17.   Mr. Shaw again asked Defendant, Officer Hagner to show him a law or some type of verification requiring him to produce his driver's license.

18.   Defendant, Officer Hagner responded by stating he did not have to show Mr. Shaw anything.

19.   Mr. Shaw stated to Defendant, Officer Hagner that the officer had to have a reason for asking Mr. Shaw to produce his driver's license.

20.   Defendant, Officer Hagner stated the reason was that according to the registration documents Mr. Shaw had produced, the vehicle's registration was expired.

4

21.  Defendant, Officer Hagner instructed Mr. Shaw to produce his driver's license because this was a traffic stop which required license, registration and insurance.

22.  Mr. Shaw again asked Defendant, Officer Hagner to show him proof he had to produce his driver's license, to which the officer again replied that he did not have to show Mr. Shaw anything and that the law of the State of New Jersey required Mr. Shaw to produce his driver's license.

23.  Mr. Shaw expressed doubt that such a law exists and asked Defendant, Officer Hagner to show him the law.  The officer responded he did not have to show Mr. Shaw anything and that the law exists.

24.  Defendant, Officer Hagner again instructed Mr. Shaw to produce his driver's license; Mr. Shaw responded that the officer had an obligation to show cause for production of the license.

25.  Defendant, Officer Hagner again refused to show Mr. Shaw anything and again instructed Mr. Shaw to produce his driver's license.

26.  Mr. Shaw repeated his request to Defendant, Officer Hagner that the officer show him a law requiring him to produce his driver's license.  The officer responded that there is such a law but that he did not have to show it to Mr. Shaw.

27.  Defendant, Officer Hagner threatened Mr. Shaw that he would be arrested if he did not produce his driver's license.

28.  Mr. Shaw reiterated his request that Defendant, Officer Hagner show him the law requiring him to produce his driver's license; the officer stated he did not have to because he was a police officer.

29.   Throughout this encounter, Defendant, Officer Hagner maintained radio communication with Camden County and/or Voorhees law enforcement dispatch.

30.   After the aforesaid exchange, Defendant, Officer Branagan arrived on the scene and was told by Officer Hagner that Mr. Shaw's registration was expired and that he was refusing to produce his driver's license.

31.   Defendant, Officer Branagan approached the driver's side of Mr. Shaw's vehicle and asked Mr. Shaw for his name, to which Mr. Shaw responded he wanted to see a law requiring him to produce his driver's license.

32.   Defendant, Officer Branagan stated he needed to know who Mr. Shaw was and that if he did not provide his name, the officer would yank him out of the car.

33.   Mr. Shaw again asked Defendant, Officer Branagan for the law requiring him to provide his name.

34.   Defendant, Officer Hagner joined Defendant, Officer Branagan at the driver's side of Mr. Shaw's car, at which point Officer Branagan stated: "Last warning, give us your name or I'll yank you out." Officer Branagan then opened the driver's side door and yelled at Mr. Shaw to get out of the car.

35.   Before allowing Mr. Shaw a reasonable opportunity to comply with the instruction to exit the vehicle, Defendants, Officers Branagan and Hagner forcefully and violently pulled Mr. Shaw from the car, physically assaulted and beat him, and placed him under arrest.

36.   Due to the physical injuries he suffered in the aforesaid encounter, Mr. Shaw was transported from the incident scene to the emergency room at Virtua Health – Voorhees where he was evaluated and released with clearance for incarceration.

37.  Mr. Shaw was transported from the hospital to the Voorhees Township Police Department, where he was processed and charged with traffic offenses regarding the expired vehicle registration and failure to exhibit his driver's license, and various criminal violations including obstructing the administration of law, two counts of aggravated assault on a police officer, resisting arrest, and criminal mischief.

38.  In his narrative police report regarding the aforesaid encounter, Defendant, Officer Hagner wrote in part as follows: "While my investigation progressed I concluded based off of Mr. Shaw's statements and attitude, that Mr. Shaw was exhibiting "Sovereign Citizen" beliefs. Through my training and experience I know "Sovereign Citizens" can and have displayed violence towards Law Enforcement.  Due to Mr. Shaw being extremely argumentative and non-compliant, I contacted Central Communications and requested a second unit."

39.  Resolution of the aforesaid criminal charges was postponed for 36 months pursuant to the terms of a pretrial intervention order filed with the State of New Jersey Criminal Division on July 27, 2017.

40.  Due to the improper actions of the Voorhees Township police officers and Voorhees Township Police Department, Mr. Shaw suffered bodily injuries and emotional trauma, incurred economic losses, and sustained violations of his constitutional rights, including but not limited to his rights as guaranteed by the Fourth Amendment to the United States Constitution.

41.  Mr. Shaw did not commit any offense or engage in conduct justifying Defendants' actions with regard to the use of force against Mr. Shaw or the amount of force used against him.

42.  The unlawful use of unreasonable force in this case was the direct result of Defendants' pattern, practice, and custom of subjecting citizens like Mr. Shaw to such conduct.

43.   Defendants acted willfully, wantonly, deliberately, maliciously, and/or with reckless disregard of Mr. Shaw's constitutional, statutory, and common law rights.

44.   Defendants engaged in the aforesaid conduct for the purpose of violating Mr. Shaw's constitutional rights by subjecting him to an unreasonable use of excessive force.

45.   As a direct and proximate result of Defendants' aforesaid conduct, Mr. Shaw has sustained the following injuries and incurred the following damages:

(a) Violation of his rights under the Fourth Amendment to the United States Constitution to be free from the state's unreasonable use of force;

(b) Physical injuries including but not limited to head, face and bodily trauma, lacerations, and bruises, as well as pain and suffering, fear, anxiety, loss of liberty, embarrassment and humiliation, and emotional trauma, some or all of which may be permanent;

(c) Past and future medical and healthcare expenses; and

(d) Past and future lost wages and lost earnings potential.

**FIRST CLAIM FOR RELIEF**
**FEDERAL CIVIL RIGHTS VIOLATIONS**

46.   Mr. Shaw incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

47.   As a direct and proximate result of Defendants' aforesaid conduct, committed under color of state law, Defendants deprived Mr. Shaw of his right to be free from unreasonable and excessive force.  As a result, Mr. Shaw suffered harm in violation of his rights under the laws and Constitution of the United States, in particular the Fourth Amendment thereof, and 42 U.S.C. § 1983.

48.  As a direct and proximate result of Defendants' aforesaid conduct, Mr. Shaw has sustained physical injuries, emotional harm, and financial losses, all to his detriment and harm.

49.  Defendants, Voorhees Township and Voorhees Township Police Department have each encouraged, tolerated, ratified and been deliberately indifferent to the following policies, practices, and customs and/or to the need for more or different screening, training, supervision, investigation, and/or discipline with regard to its officers in the following respects:

(a)  An officer's use of force in a traffic stop and/or detention during which an individual refuses the officer's request and/or instruction to exhibit his driver's license; and

(b)  An officer's traffic stop and/or detention of an individual about whom the officer develops a suspicion that the individual may be a "sovereign citizen" or exhibiting "sovereign citizen" behavior, and the use of force in such a situation.

50.  By these actions, Defendants, acting in concert and conspiracy, have deprived Mr. Shaw of rights as secured by the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

### SECOND CLAIM FOR RELIEF
### STATE LAW CLAIMS

51.  Mr. Shaw incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

52.  Defendants' aforesaid acts and omissions constitute negligence, assault and battery, negligent and intentional infliction of emotional distress, and willful misconduct under the laws of the State of New Jersey, and this Court has supplemental jurisdiction to hear and adjudicate those claims.

53. Mr. Shaw has submitted timely written notice of claim as required by the New Jersey Tort Claims Act, N.J.S. 59:8-3, *et seq.*

## REQUEST FOR RELIEF AND JURY DEMAND

In light of the foregoing, Plaintiff, Sean M. Shaw requests the following relief:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Reasonable attorney's fees and costs; and

(d)     Such other and further relief as appears reasonable and just.

Plaintiff demands a jury trial as to each Defendant and as to each claim for relief.


DATE:  February 14, 2018          s/  Richard M. Wiener, Esquire
                                  Richard M. Wiener, Esquire
                                  N.J. Bar I.D. No. 016241990
                                  Law Offices of Richard M. Wiener, LLC
                                  10000 Lincoln Drive East
                                  One Greentree Centre, Suite 201
                                  Marlton, NJ 08053
                                  (856) 354-8717
                                  *rwiener@wienerlegal.com*