PLATT & RISO, P.C.
40 Berlin Avenue
Stratford, New Jersey 08084
(856) 784-8500
Attorney for Defendants, Voorhees Township, Voorhees Township Police Department,
Police Officer Kevin Branagan and Police Officer Michael J. Hagner

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEAN M. SHAW,<br><br>                    Plaintiff<br>vs.<br><br>VOORHEES TOWNSHIP, VOORHEES TOWNSHIP POLICE DEPARTMENT, POLICE OFFICER KEVIN BRANAGAN (#3490), POLICE OFFICER MICHAEL J. HAGNER (#34100) and JOHN DOE NOS. 1-10, (Fictitious Names),<br><br>                    Defendants. | Camden Vicinage<br><br>Civil Action<br><br>Docket No. 1:18-cv-02117-NLH-KMW<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND JURY DEMAND ON BEHALF OF DEFENDANTS, VOORHEES TOWNSHIP, VOORHEES TOWNSHIP POLICE DEPARTMENT, POLICE OFFICER KEVIN BRANAGAN AND POLICE OFFICER MICHAEL J. HAGNER** |

Defendants, Voorhees Township, Voorhees Township Police Department, Police Officer Kevin Branagan and Police Officer Michael J. Hagner, by way of Answer to Plaintiff's Complaint say:

### JURISDICTION

1.    Admitted.

### PARTIES

2.    Neither admitted; nor denied.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the corresponding paragraph of the Complaint and leave Plaintiff to his proofs at the time of trial.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      The averments contained in the corresponding paragraph of Plaintiff's Complaint are not directed to Answering Defendants and Plaintiff is left to his proofs.

8.      Denied.   The averments contained in the corresponding paragraph of Plaintiff's Complaint are denied with strict proof thereof demanded at the time of trial.

### FACTUAL BACKGROUND

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.    Admitted.

23.    Admitted.

24.    Admitted.

25.    Denied as stated.  To the contrary, Plaintiff was in fact required to produce his driver's license and refused to do so in violation of N.J.S.A. 39:3-29.

26.    Admitted.

27.    Denied as stated.  At no time did Officer Hagner threaten Plaintiff.

28.    Admitted.

29.    Admitted.

30.    Admitted.

31.    Admitted.

32.    Admitted.

33.    Admitted.

34.    Admitted.

35.    Denied.   The averments contained in the corresponding paragraph of Plaintiff's Complaint are denied with strict proof thereof demanded at the time of trial.

36.    Denied as stated.   Plaintiff was transported to the emergency room because he claimed he was having trouble breathing.

37.    Admitted.

38.    Denied.  Officer Hagner's police report is a writing which speaks for itself and, therefore, Plaintiff's characterization of same is denied.

39.    Admitted.

40.     Denied.   The averments contained in the corresponding paragraph of Plaintiff's Complaint are denied with strict proof thereof demanded at the time of trial.

41.     Denied. The averments contained in the corresponding paragraph of Plaintiff's Complaint are denied with strict proof thereof demanded at the time of trial.

42.     Denied.   The averments contained in the corresponding paragraph of Plaintiff's Complaint are denied with strict proof thereof demanded at the time of trial.

43.     Denied.   The averments contained in the corresponding paragraph of Plaintiff's Complaint are denied with strict proof thereof demanded at the time of trial.

44.     Denied.   The averments contained in the corresponding paragraph of Plaintiff's Complaint are denied with strict proof thereof demanded at the time of trial.

45.     Neither admitted; nor denied.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the corresponding paragraph of the Complaint and leave Plaintiff to his proofs at the time of trial.

**FIRST CLAIM FOR RELIEF**
**FEDERAL CIVIL RIGHTS VIOLATIONS**

46.     Defendants repeat their answers to paragraphs 1 – 45 of Plaintiff's Complaint and incorporate same by reference as if fully set forth at length herein.

47.     Denied.   The averments contained in the corresponding paragraph of Plaintiff's Complaint are denied with strict proof thereof demanded at the time of trial.

48.     Neither admitted; nor denied.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the corresponding paragraph of the Complaint and leave Plaintiff to his

PLATT & RISO, P.C.
40 Berlin Avenue
Stratford, NJ 08084

4

proofs at the time of trial.

49.     Denied.   The averments contained in the corresponding paragraph of Plaintiff's Complaint are denied with strict proof thereof demanded at the time of trial.

50.     Denied.   The averments contained in the corresponding paragraph of Plaintiff's Complaint are denied with strict proof thereof demanded at the time of trial.

**SECOND CLAIM FOR RELIEF**
**STATE LAW CLAIMS**

51.     Defendants repeat their answers to paragraphs 1 – 50 of Plaintiff's Complaint and incorporate same by reference as if fully set forth at length herein.

52.     Denied.   The averments contained in the corresponding paragraph of Plaintiff's Complaint are denied with strict proof thereof demanded at the time of trial.

53.     Admitted.

WHEREFORE, Defendants, Voorhees Township, Voorhees Township Police Department, Police Officer Kevin Branagan and Police Officer Michael J. Hagner, demand judgment in their favor and against Plaintiff, Sean M. Shaw, dismissing Plaintiff's Complaint with prejudice.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a cause of action upon which the relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Answering Defendants have performed each and every duty owed to the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendants have breached no duty owed either implied or expressed to the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Answering Defendants did not commit any violation of any of Plaintiff's civil rights.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or otherwise diminished pursuant to provisions of the New Jersey Comparative Negligence Act.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or otherwise diminished pursuant to the provisions of the New Jersey Punitive Damages Act.

### SEVENTH AFFIRMATIVE DEFENSE

There are no monies, either by way of compensatory or punitive damages, benefits, interest, costs or counsel fees, due to the Plaintiff, and there is no basis in law or fact to make any award of such monies.

### EIGHTH AFFIRMATIVE DEFENSE

The doctrine of respondeat superior cannot be utilized in actions brought under 42 U.S.C. §1983 and, therefore, any such claims are barred accordingly.

### NINTH AFFIRMATIVE DEFENSE

Answering Defendants affirmatively plead the procedural and substantive provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, *et seq*.

## TENTH AFFIRMATIVE DEFENSE

Answering Defendants are immune from liability pursuant to N.J.S.A. 59:3-1, *et seq.*

## ELEVENTH AFFIRMATIVE DEFENSE

Any action or failure to act on the part of the Answering Defendants was in the nature of discretionary activity within the meaning of N.J.S.A. 59:2-3 and/or N.J.S.A. 59:3-2.

## TWELFTH AFFIRMATIVE DEFENSE

Answering Defendants acted in good faith at all times relevant hereto and, therefore, are not liable to Plaintiff pursuant to N.J.S.A. 59:3-3.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff was resisting arrest and, therefore, any recovery to which he may be entitled must be reduced by application of the standard of comparative negligence set forth in N.J.S.A. 59:9-4.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any recovery to which the Plaintiff might otherwise be entitled is barred and/or subject to reduction in accordance with the limitations on damages provided in N.J.S.A. 59:9-2.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with the orders of a Police Officer in violation of N.J.S.A. 2C:29-1.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff unlawfully resisted arrest in violation of N.J.S.A. 2C:29-2.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhibit his driver's license in violation of N.J.S.A. 39:3-29.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Officer Kevin Branagan acted in good faith in executing the law and is entitled to discretionary, absolute and/or qualified immunity.

## NINETEENTH AFFIRMATIVE DEFENSE

Officer Michael Hagner acted in good faith in executing the law and is entitled to discretionary, absolute and/or qualified immunity.

**WHEREFORE**, Defendants, Voorhees Township, Voorhees Township Police Department, Police Officer Kevin Branagan and Police Officer Michael J. Hagner, demand judgment in their favor dismissing Plaintiff's Complaint with prejudice.

PLATT & RISO, P.C.

BY: _____
ERIC J. RISO, ESQUIRE

DATED: May 2, 2018

PLATT & RISO, P.C.
40 Berlin Avenue
Stratford, NJ 08084

8

## JURY TRIAL DEMANDED

**PLEASE TAKE NOTICE** that Defendants, Voorhees Township, Voorhees Township Police Department, Police Officer Kevin Branagan and Police Officer Michael J. Hagner, hereby demand a trial by jury as to all issues.

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

I, Eric J. Riso, Esquire, counsel for Defendants, Voorhees Township, Voorhees Township Police Department, Police Officer Kevin Branagan and Police Officer Michael J. Hagner, do hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative hearing.

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 2nd day of May, 2018, the foregoing Answer on behalf of Defendants, Voorhees Township, Voorhees Township Police Department, Police Officer Kevin Branagan and Police Officer Michael J. Hagner, was electronically filed with the Clerk of the United States District Court for the District of New Jersey, Camden Vicinage, and served on Plaintiff's counsel via CM/ECF.

PLATT & RISO, P.C.

By: _____
ERIC J. RISO, ESQUIRE

Dated: May 2, 2018

L:\18-0046\PLEADINGS\ANSWER.doc

PLATT & RISO, P.C.
40 Berlin Avenue
Stratford, NJ 08084

9